IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMEGA FLEX, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>CUTTING EDGE SOLUTIONS, LLC<br><br>and<br><br>ROBERT TORBIN,<br><br>  Defendants. | Case No. 1:08-cv-12009-RWZ |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS AND
<u>SPECIAL MOTION TO DISMISS PURSUANT TO M.G.L. c. 231 § 59H</u>**

        Respectfully submitted,

        ROBERT TORBIN and
        CUTTING EDGE SOLUTIONS, LLC,

        By their attorney,

        Mitchell J. Matorin (BBO #649304)
        MATORIN LAW OFFICE, LLC
        200 Highland Avenue
        Suite 306
        Needham, MA 02494
        (781) 453-0100
        mmatorin@matorinlaw.com

DATED: March 27, 2009

As with its preliminary injunction motion, Omega Flex reacts to attacks on the Complaint it actually filed (and then amended), by making arguments based on a phantom complaint it did *not* file. The focus of a Rule 12(c) motion is on the pleadings. The Court has the discretion to, but need not, consider extraneous matters and thereby convert to summary judgment:

> A plaintiff is not entitled to present affidavits and reach the summary judgment stage if her complaint, on its face, reveals an inadequate basis for her claim.

*Jacob v. Curt*, 898 F.2d 838, 839 (1st Cir. 1990).[1] If the Court opts to convert, Omega Flex cannot complain.[2] *Rupert-Torres v. Hospital San Pablo, Inc.*, 205 F.3d 472, 476 (1st Cir. 2000) ("When a plaintiff incorporates materials outside the pleadings into an opposition to a Rule 12(c) motion, the plaintiff implicitly invite[s] conversion—and a party who invites conversion scarcely can be heard to complain when the trial court accepts the invitation."). Either way, Omega Flex cannot win.[3]

## I.   Ignoring the Extraneous Material, Omega Flex Fails To State A Claim.

Lanham Act (Count I): Omega Flex's incantation of magic words (*see* OF Opp. Br. § II.B.1, 1st para.) is no substitute for properly pled facts, and its reliance on *Proctor & Gamble Co. v. Haugen*, and *National Artists Management Co. v. Weaving* is misplaced. In *P&G*, the brochures "unambiguously urge[d] recipients to eschew purchasing P&G products in favor of Amway products." 222 F.3d 1262, 1275 (10th Cir. 2000). In *NAMCO*, the court held that the defendant's disparagement of plaintiff and "solicitation" of clients in the context of statements that she would soon be competing was commercial speech even though she had not yet begun competing. 769 F. Supp. 1224, 1233-36 (S.D.N.Y. 1991). Here, none of the statements suggested

---

[1] *See also Fleming v. Lind-Waldcock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.").

[2] This is true even if Omega Flex did not intend to force conversion. *See In re Repetitive Stress Injury Litigation*, 165 F.R.D. 367, 376 (E.D.N.Y. 1996).

[3] Because the Court may opt to convert, Mr. Torbin has conditionally submitted a declaration herewith in support of summary judgment to be considered only if the motion is converted.

that anyone not buy CounterStrike or even implicitly solicited any other purchase, and Mr. Torbin does not compete.

Citing *Encompass Ins. Co. v. Giampa*, 552 F. Supp. 2d 300 (D. Mass. 2007), Omega Flex suggests that the test for standing replaces competition "in some line of trade or commerce" as an element of a Lanham Act claim under *Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6 (1st Cir.2003).  But the *Encompass* court declined to "dive into the morass of different formulas used to establish standing" and concluded that no Lanham Act claim was stated because there was not even an "attempt[] to assert that the parties compete in some line of trade or commerce" and it was clear that they did not.  *Id.* at 311.[4]  The court in *The Gentle Wind Project v. Garvey*, 2004 WL 1946448, at *6 (D. Me. 2004), also rejected Omega Flex's position:

> The plaintiffs contend that a claim under section 1125(a)(1)(B) does not include competition between the [parties] as an element, … essentially arguing that this court should not follow *Podiatrist*.  It is not the role of this court to disregard rulings of the First Circuit that are still in effect.

<u>The Special Motion to Dismiss:</u>  Omega Flex misconstrues § 59H in arguing that the statements were "at least partly commercial in nature."  (OF Opp. at 14.)  Mr. Torbin's speech was motivated by matters of public concern and not by commercial interests, but this is not required and "the fact that the speech involves a commercial motive does not mean it is not petitioning." *N. Am. Expo. Co. v. Corcoran*, 452 Mass. 852, 863 (2009).   Also misguided is Omega Flex's view that its claims have a substantial basis other than petitioning, when each of its claims is based solely on Mr. Torbin's statements to the government.[5]  Their purported falsity provides no

---

[4] Similarly, in *Grant Airmass Corp. v. Gaymar Indus., Inc.*, 645 F. Supp. 1507 (S.D.N.Y. 1986), it was "undisputed" that the parties directly competed; the question was whether the plaintiff had standing to assert a Lanham Act claim against a research company that directly participated in the defendants' actions alleged to violate the Act.

[5] Omega Flex is silent as to the statements before the MA Plumbers Board, although Mr. Rich asserts that some Board members are plumbers.  (Rich Decl. ¶ 15.)  This is unimportant; they act in a governmental capacity as members of a regulatory body, just as the fact that some state

2

substantial other basis.  *See Cormier v. MacDow*, 2007 WL 2429558, *4 (Mass. Super. Ct. 2007) (applying § 59H to defamation claims arising out of petitioning activity).

Tortious Interference with Business Relations (Count III); Business Defamation (Count IV) and Product Disparagement (Count V):[6]  Unless the Court chooses to convert, Omega Flex's reliance on the alleged Minnesota business relationship, Minnesota consumers, and alleged Minnesota damages must be ignored.  As Omega Flex offers nothing else in support of these Counts, it has failed to answer Mr. Torbin's Motion and they must be dismissed.

**II.     If the Court Converts, Summary Judgment Should be Entered.**

Omega Flex's reliance on matters outside the pleadings is ironically counterproductive:

> Under Rule 56, the nonmovant has a **heavier burden** than would be posed by Rule 12(c).  Once the moving party has served a supported motion asserting entitlement to summary judgment, the party opposing the motion must demonstrate, **by competent evidence**, a genuine issue of a material fact.

*McCord v. Horace Mann Ins. Co.*, 390 F.3d 138, 142 (1st Cir. 2004)(emphasis added); *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 39 (1st Cir. 2004) ("This is a salient distinction because Rule 56 erects a hurdle for the nonmovant that is far more difficult to clear than the relatively modest hurdle posed by Rule 12(c) simpliciter.").  Omega Flex provides no competent evidence.[7]  Virtually every statement in the declarations or attachments is hearsay—in some cases, double or triple hearsay (*e.g.* Rich Decl. ¶¶ 16-17, 22, 25-27) —or multiple conclusory assumptions "in turn" reliant on other conclusory assumptions (*e.g.* Rich Decl. ¶ 28).  It is "black-letter law that

---

legislators are attorneys does not make them any less legislators when they act in that capacity.  "Petitioning activity" does not require that agency members have no life outside that agency.

[6] Omega Flex does not defend Count VI (Common Law Unfair Competition) and therefore concedes that it fails to state a claim and must be dismissed.

[7] Nor can Omega Flex justly claim a need for discovery.  *See In re RSI Litigation*, 165 F.R.D. at 376 (where plaintiff raised specter of summary judgment by submitting extraneous materials and "had made no proffer, no less a showing," that would satisfy Rule 56(f), discovery not necessary.)

3

hearsay evidence cannot be considered on summary judgment." *Davila v. Corporacion De Puerto Rico Para La Difusion Publica*, 498 F.3d 9, 17 (1st Cir. 2007). Even were the Court to credit Mr. Rich's double-hearsay recitation of Mr. Sampson's characterization of what Mr. Torbin allegedly said, as a matter of law it is not defamatory and does not disparage CounterStrike and, for the same reasons as the other statements, it does not violate the Lanham Act. As to Count III (Tortious Interference), neither the Amended Complaint nor the extraneous hearsay alleges that Mr. Torbin knew of a business relationship with Stout Mechanical (he did not, *see* Conditional Torbin Decl. ¶ 19), let alone that he intentionally interfered with it.[8] Indeed, the alleged interference is so attenuated (*see* Rich Decl. ¶ 28) that it is incapable as a matter of law of supporting tortious interference. *Chemawa Country Golf, Inc. v. Wnuk*, 9 Mass. App. Ct. 506, 510–10 (1980) (damages must occur as a direct consequence and "cannot be speculative or conjectural losses.").[9]

Omega Flex's disingenuousness is striking. Mr. Rich states under penalty of perjury that two "consumers" were present at the NH meeting, (Rich Decl. ¶¶ 12-13), but fails to disclose that Pete Dwyer is a representative of a wholesaler of Omega Flex products and that Craig Blaine works for Tower Hill Sales, a "manufacturers' representative" that "promote[s] the products we represent," including Omega Flex products. Even more disturbingly, Mr. Rich fails to disclose that both Mr. Dwyer and Mr. Blaine were present at the NH Fire Marshal conference ***as part of Omega Flex's presentation team***. Moreover, Mr. Dwyer left the meeting before Mr. Torbin's presentation began and thus was not exposed to the purportedly defamatory statements. (*See*

---

[8] Moreover, the alleged MN (and NH) statements fail to state a claim under *Massachusetts* law, which has no applicability to acts occurring entirely in MN (or NH). As to Count II (c. 93A), conduct occurring outside MA cannot support a claim.

[9] The Court should reject Omega Flex's request that it be permitted to amend its complaint yet again. Especially after so many blatant attempts to insert non-pleaded allegations into the mix and its actual amendment of the complaint with full knowledge that this Motion was imminent, justice certainly does not require that Omega Flex be permitted to continue persecuting Mr. Torbin, and the irrelevance of the outside materials demonstrates the futility of another amendment.

Conditional Torbin Decl. ¶¶ 2-7.)  Mr. Rich makes these blatantly misleading statements purportedly in reliance on a (hearsay) document, when he is fully aware of the facts.[10]

Also disingenuous is Omega Flex's assertion that it has "pled that the defendants maligned CounterStrike to MN inspection personnel about the *current* CounterStrike bonding requirements."[11]  (OF Opp. at 14-15)(emphasis in original).  The "*current*" requirements are said to be those Mr. Rich says require direct bonding  "only … where local codes specifically require as much," citing the December 2007 Omega Flex D&I Guide and describing them (under oath) as the "latest edition."  (Rich Decl. ¶¶ 16, 18 and n.2.)  But this is *not* what the December 2007 D&I Guide says, and it is *not* the "latest edition."  Only the twisted new language of the **February 2009** D&I Guide is remotely susceptible to Mr. Rich's interpretation.  (*See* Conditional Torbin Decl. ¶¶ 11-17 and Exh. 3.)  But this language did not exist when the complained-of statements occurred and cannot support Omega Flex's claims.  Moreover, direct bonding has been required by MN code authorities since at least Spring 2007.  (Conditional Torbin Decl. ¶ 18 and Exh. 4.)

## CONCLUSION

For the foregoing reasons, Mr. Torbin respectfully requests that the Court: (i) dismiss Count I (Lanham Act); (ii) award Mr. Torbin his attorneys fees and costs as an "exceptional case" under 15 U.S.C. §  1117(a); (iii) dismiss each of the state law claims pursuant to M.G.L. c. 231 § 59H; (iv) award Torbin his attorneys fees as required by that statute; (v) in the alternative, dismiss each of the state law claims for failure to state a plausible claim for relief; (vi) in the alternative, enter summary judgment on all claims in Mr. Torbin's favor.

---

[10] Omega Flex's conduct through the short life of this litigation amply demonstrates its bad faith and more than justifies an award of attorneys fees and costs to compensate Mr. Torbin.

[11] Omega Flex continually confuses its pleadings with the extraneous material.  It has *pled* nothing of the sort—¶ 37 of the Amended Complaint pleads only that "upon information and belief," Mr. Torbin has said unidentified things to unidentified "audiences" in places that may include MN.

DATED: March 27, 2009

        Respectfully submitted,

        ROBERT TORBIN and
        CUTTING EDGE SOLUTIONS, LLC,

        By their attorney,

        <u>/s/ Mitchell J. Matorin</u>
        Mitchell J. Matorin (BBO #649304)
        MATORIN LAW OFFICE, LLC
        200 Highland Avenue Suite 306
        Needham, MA 02494
        (781) 453-0100
        mmatorin@matorinlaw.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 27, 2009.

/s/ Mitchell J. Matorin